**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LI, WEILIN,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendant. | **Civil Action No.: 26-cv-3112**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Li, Weilin ("Plaintiff"), by and through undersigned counsel, brings this action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified in Schedule "A" (collectively, "Defendants") for violations of Plaintiff's rights in the federally registered POSITIVE POTATO trademark under the Lanham Act and related federal law.

## INTRODUCTION

1. Plaintiff Li, Weilin ("Plaintiff"), by and through undersigned counsel, brings this action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified in Schedule "A" (collectively, "Defendants") for violations of Plaintiff's rights in the federally registered POSITIVE POTATO trademark under the Lanham Act and related federal law.

1

2.     Defendants conceal their identities and the scope of their operations through the use of multiple storefronts, false or incomplete registration information, and offshore payment channels. Plaintiff brings this action to protect the integrity of the POSITIVE POTATO Mark, prevent ongoing consumer confusion, and halt the continued damage to Plaintiff's goodwill and ability to control the quality and source of goods sold under the mark.

### THE PARTIES

3.     Plaintiff Li, Weilin is an individual residing in China and is the owner of the trademark rights asserted in this action. Plaintiff markets and sells plush and crocheted doll products under the POSITIVE POTATO Mark, including a plush potato doll commonly presented holding a card bearing the POSITIVE POTATO designation, through online sales channels accessible to consumers throughout the United States.

4.     Plaintiff owns all right, title, and interest in U.S. Trademark Registration No. 7,845,398 for POSITIVE POTATO on the Principal Register (the "POSITIVE POTATO Mark"). A true and correct copy of the registration certificate issued by the United States Patent and Trademark Office is attached hereto as Exhibit A.

The asserted registered trademark is summarized below:

| Registration No. | Mark | Form | Goods / Class |
|---|---|---|---|
| 7,845,398 | POSITIVE POTATO | Standard character mark | IC 028 - bath toys; beach balls; Christmas dolls; dice; dice games; dolls; jigsaw puzzles; manipulative |

2

| | | | puzzles; plush toys; stuffed and plush toys |
| --- | --- | --- | --- |

5. The registration of the POSITIVE POTATO Mark constitutes prima facie evidence of the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in commerce in connection with the goods identified in the registration, subject to any stated conditions or limitations. *See* 15 U.S.C. §§ 1057(b), 1115(a).

6. The POSITIVE POTATO Mark is distinctive and valuable. Plaintiff possesses the exclusive right to control the use of the POSITIVE POTATO Mark in U.S. commerce in connection with the registered goods.

7. Plaintiff markets and sells products under the POSITIVE POTATO Mark through online sales channels accessible to consumers in the United States, including Amazon. A representative Amazon listing for Plaintiff's POSITIVE POTATO-branded potato doll demonstrates substantial consumer demand and marketplace recognition, further evidencing the commercial strength and goodwill associated with the POSITIVE POTATO Mark. A true and correct screenshot of a representative Amazon listing is attached hereto as Exhibit B.

8. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more e-commerce stores under at least the Seller Aliases identified on Schedule "A" and other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in foreign jurisdictions, including the People's Republic of China, and use online marketplaces to reach consumers throughout the United States.

9. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed on Schedule "A." Defendants employ tactics designed to conceal their identities and the full scope of their operations, making it

3

difficult for Plaintiff to ascertain Defendants' true identities and the precise structure of their infringement scheme. If Defendants provide additional credible identifying information, Plaintiff will take appropriate steps to amend this Complaint.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)–(b).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over Defendants because each Defendant purposefully directs business activities toward consumers in the United States, including Illinois, through fully interactive e-commerce storefronts operating under the seller aliases identified in Schedule "A" (the "Seller Aliases"). Upon information and belief, Defendants offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products bearing counterfeit, infringing, or confusingly similar uses of Plaintiff's POSITIVE POTATO Mark to consumers in this District. Defendants' conduct described herein constitutes purposeful availment of the privilege of conducting business in Illinois and causes injury to Plaintiff within this District.

## DEFENDANTS' UNLAWFUL CONDUCT

12.     Plaintiff identified numerous fully interactive e-commerce stores offering products that use the POSITIVE POTATO Mark, or a counterfeit, copy, or colorable imitation thereof, without Plaintiff's authorization. Screenshots showing representative infringing listings, storefronts, product titles, and product images are attached as Exhibit C. Defendants advertise, offer for sale, and sell substantially similar potato-themed plush or crocheted doll products using

Plaintiff's POSITIVE POTATO Mark, or confusingly similar variations thereof, in connection with those goods. In some instances, Defendants display the wording "Positive Potato" on the card held by the potato doll itself. In other instances, Defendants use "Positive Potato" or confusingly similar variations, including "Positive Mini Potato" and "Positive Crochet Potato," in product titles, descriptions, search-facing text, and other listing content for similar potato-doll products, even where the product image does not display Plaintiff's exact mark on the card. These uses are likely to cause consumers to believe that Defendants' goods originate with, are affiliated with, sponsored by, or authorized by Plaintiff.

13.     Defendants target consumers in this Judicial District and throughout the United States by operating online storefronts accessible to Illinois consumers, listing prices in U.S. dollars, and offering shipment into Illinois and elsewhere in the United States.

14.     Defendants employ substantially similar advertising and marketing strategies. Their e-commerce storefronts are designed to appear to unknowing consumers as legitimate retailers, wholesalers, or authorized sellers. These stores frequently use the POSITIVE POTATO Mark in titles, descriptions, images, keyword fields, or other listing content in a manner calculated to confuse consumers as to the source, sponsorship, affiliation, or approval of Defendants' products.

15.     Plaintiff has not licensed or otherwise authorized Defendants to use the POSITIVE POTATO Mark, and none of the Defendants are authorized sellers of genuine goods bearing that mark.

16.     Defendants commonly provide false, misleading, and/or incomplete information to online marketplaces to prevent discovery of their true identities and the scope of their

5

operations. Defendants also regularly register or acquire new seller aliases to continue offering infringing goods while evading enforcement efforts.

17. Upon information and belief, Defendants communicate with one another regarding tactics for operating multiple storefronts, evading detection, responding to platform takedowns, and moving assets outside the reach of rights holders and U.S. courts.

18. Counterfeiters and infringing online sellers such as Defendants frequently operate under multiple seller aliases and payment accounts and regularly transfer funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of this Court in order to avoid payment of any monetary judgment awarded to Plaintiff.

19. Without authorization from Plaintiff, Defendants have promoted, advertised, offered for sale, and sold products bearing the POSITIVE POTATO Mark, or confusingly similar imitations thereof, in connection with the same or closely related goods as those covered by Plaintiff's registration.

20. Defendants' unauthorized use of the POSITIVE POTATO Mark is likely to cause and is causing confusion, mistake, and deception among consumers, and is irreparably harming Plaintiff by depriving Plaintiff of control over the mark, damaging Plaintiff's goodwill, and diverting sales.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 20 as if fully set forth herein.

22. Defendants have used in commerce counterfeit reproductions, copies, colorable imitations, and confusingly similar uses of Plaintiff's federally registered POSITIVE POTATO

Mark in connection with the advertising, promotion, offering for sale, distribution, and sale of goods without Plaintiff's authorization.

23. The POSITIVE POTATO Mark is a valid and federally registered trademark, and the registration remains in full force and effect. Upon information and belief, Defendants had knowledge of Plaintiff's rights in the POSITIVE POTATO Mark and acted willfully, or with reckless disregard for those rights, by using identical or confusingly similar marks in connection with the same or closely related goods.

24. Defendants' unauthorized use of the POSITIVE POTATO Mark, or counterfeit, copy, or colorable imitations thereof, in connection with the advertising, offering for sale, and sale of goods is likely to cause, and has caused, confusion, mistake, and deception among consumers as to the origin, sponsorship, or approval of Defendants' goods.

25. Defendants' conduct constitutes willful trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Plaintiff has no adequate remedy at law. Unless enjoined, Defendants' conduct will continue to cause irreparable harm to the value of the POSITIVE POTATO Mark, Plaintiff's goodwill, and Plaintiff's ability to control the quality and source of goods sold under the mark. The harm caused by Defendants' infringement is ongoing and difficult to quantify in monetary terms.

27. Pursuant to 15 U.S.C. §§ 1116, 1117, and 1118, Plaintiff is entitled to injunctive relief, Defendants' profits, damages, costs, attorneys' fees in exceptional cases, treble damages where applicable for use of a counterfeit mark, and the destruction or other disposition of infringing goods, labels, signs, prints, packages, wrappers, receptacles, and advertisements.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 27 as if fully set forth herein.

29. Defendants' promotion, marketing, advertising, offering for sale, and sale of goods using the POSITIVE POTATO Mark, or confusingly similar uses thereof, has created and continues to create a likelihood of confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods.

30. By using the POSITIVE POTATO Mark without authorization, Defendants have made false designations of origin and misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendants' conduct has caused and will continue to cause Plaintiff irreparable injury unless enjoined by this Court. Absent injunctive relief, Defendants are likely to continue their unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants as follows:

A. That Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be preliminarily and permanently enjoined from using the POSITIVE POTATO Mark, or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation thereof, in connection with the advertising, offering for sale, distribution, or sale of goods;

8

B. That Defendants be ordered to cease operating any listings, storefronts, advertisements, or other content identified in Schedule "A" or otherwise connected to the infringement alleged herein;

C. That online marketplaces, payment processors, financial institutions, and other third parties with notice of this Court's orders be directed to disable infringing listings and restrain assets linked to Defendants pending further order of the Court;

D. That judgment be entered in favor of Plaintiff and against Defendants on Counts I and II;

E. That Plaintiff be awarded Defendants' profits, damages, costs of suit, and all other monetary relief authorized by 15 U.S.C. § 1117;

F. That Plaintiff be awarded treble damages and reasonable attorneys' fees to the extent authorized by 15 U.S.C. § 1117(b) or otherwise permitted by law;

G. That Defendants be required to deliver up for destruction or other Court-approved disposition all infringing goods and related materials pursuant to 15 U.S.C. § 1118;

H. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law; and

I. That the Court award such other and further relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 19, 2026

Respectfully submitted,

/s/ Alexander Warden  
Alexander Warden  
West Atlantic Law Firm, PLLC  
104 West 40th Street, 4th and 5th Floor  
New York, NY 10018  
Alexander.warden@walflaw.com  
*Attorneys for Plaintiff Li, Weilin*

## VERIFICATION

I, Li, Weilin, declare as follows: I am the Plaintiff in this action. I have reviewed the foregoing Complaint and am familiar with the facts stated therein. The factual allegations contained in the Complaint are true and correct based on my personal knowledge, and for those allegations stated on information and belief, I believe them to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12 day of March, 2026.

_____Li, Weilin_____

Li, Weilin

11